**Harriet K. COMFORT, Plaintiff,**

v.

**RENSSELAER POLYTECHNIC INSTITUTE; Gary A. Evans; George M. Low and William P. McGoldrick, Defendants.**

**No. 83–CV–545.**

United States District Court, N.D. New York.

Dec. 2, 1983.

Harder, Silber & Gillen, Albany, N.Y., for plaintiff; George W. Harder, Albany, N.Y., of counsel.

Bond, Schoeneck & King, Albany, N.Y., for defendants; Richard C. Heffern, Albany, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This action was brought by plaintiff pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff alleges that she was terminated from her employment at defendant Rensselaer Polytechnic Institute because of her age. At the time of her termination on June 30, 1981, plaintiff was Associate Director of Development and Director of the Rensselaer Fund.

Presently before the court is defendants' motion for summary judgment on the ground that plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission [EEOC] as required by 29 U.S.C. § 626(d). In the alternative defendants argue that, if such a charge was filed, it was untimely.

The Age Discrimination in Employment Act [ADEA] provides that *no civil action may be instituted before the aggrieved employee first exhausts certain administrative avenues of relief.* In states such as New York which have their own state agencies to guard against age discrimination, the employee must file a charge of discrimination within 300 days of the alleged unlawful employment practice. 29 U.S.C. §§ 626(d)(2), 633. The charge of discrimination must be filed with the EEOC, as well as the state agency empowered to investigate such charge. In the present case, plaintiff received notice of her termination on April 2, 1980. Thus, plaintiff had 300 days from April 2, 1980 to file her charge of unlawful discrimination. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The problem here is that, while plaintiff filed with the New York State Division of Human Rights, she did not file with the EEOC.

The filing requirements of the ADEA are designed to give the EEOC an opportunity to effect conciliation, and failure to properly file circumvents this scheme. *Bihler v. Singer Co.,* 710 F.2d 96 (3d Cir.1983). Here, plaintiff has submitted an affidavit stating that she did in fact mail a copy of her charge of age discrimination to the EEOC on or about June 20, 1981. If this were the case, then the filing would have been timely. However, as will be explained below, the letter sent by plaintiff to the EEOC may not be considered a formal charge of discrimination.

Defendants have supplied the court with a copy of the letter allegedly mailed by plaintiff to the EEOC on June 19, 1981. This letter is merely an informational letter that plainly states, "on advice of counsel, I am forwarding herewith a copy of my charges and other pertinent materials so that your agency will have these documents on hand if the time should come in the immediate future when I find it necessary to file formally with the EEOC." Thus, by her own words, plaintiff admits that she did not formally file a charge with the EEOC. Rather, plaintiff simply informed the EEOC about the possibility of her filing such a charge at a later date. *See Reich v. Dow Badische Co.,* 575 F.2d 363 (2d Cir.), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978) (holding that the notice provisions of § 633 are jurisdictional in nature and that "oral notice" given to EEOC was insufficient; by implication holding that formal notice is required). While the Supreme Court recently held in the Title VII context that these filing requirements are not jurisdictional in nature and may be subject to waiver, estoppel and equitable tolling, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the court does not have before it a situation where a plaintiff filed late. Instead, the plaintiff in the instant case did not file at all. *Cf. Knauth v. North Country Legal Services,* No. 81–CV–512, slip op. at 7 (N.D.N.Y. Oct. 17, 1983) (McCurn, J.) (Title VII case). Nevertheless, plaintiff was represented by counsel at the time she filed with the New York State Division of Human Rights and may not now claim ignorance of the filing requirements and take advantage of her

failure to file. *Smith v. American President Lines, Ltd.,* 571 F.2d 102 (2d Cir. 1978). *See also Keyse v. California Texas Oil Corp.,* 590 F.2d 45 (2d Cir.1978).

In order to avoid dismissal, plaintiff has submitted an affidavit asserting that her employer failed to comply with the posting requirements of the ADEA. The affidavit provides in pertinent part:

> During my term of employment with RPI I did not observe—and I do not believe there was—any information posted anywhere in the Troy Building—where I worked—relative to the Age Discrimination Act. In fact, our office work areas did not have a bulletin board or any other means of posting official notices. Any written information for our general workforce was circulated first among my fellow employees and then stacked in a pile with a varied assortment of official notices and miscellaneous data.

Such an allegation, if true, might be sufficient to relieve plaintiff of the filing requirements. *Posey v. Skyline Corp.,* 702 F.2d 102 (7th Cir.1983); *Kephart v. Institute of Technology,* 581 F.2d 1287 (7th Cir.1978), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). In opposition, however, defendants have submitted an affidavit from Jeannette Oppedisano, Director of Human Resources, who was Director of Equal Employment and Affirmative Action at the time of the incidents complained of herein. She states:

> During the period of plaintiff's employment at RPI from May 15, 1979 until her termination on September 11, 1981 posters advising employees of their rights under the Age Discrimination in Employment Act and required by EEOC regulations were posted in conspicuous places across the campus (29 C.F.R. Section 1627.10). The posters were on bulletin boards in a number of buildings, including the Equal Employment/Affirmative Action and the Personnel Offices in the Pittsburgh building which plaintiff visited on a number of occasions before her termination and the Troy building in which plaintiff's office was located.

Thus, the court does not have just the bare, unsubstantiated allegation by plaintiff that the employer failed to comply with the posting requirements. *Butz v. Hertz Corp.,* 554 F.Supp. 1178 (W.D.Pa.1983).

On a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of demonstrating that there are no material issues of fact and that he is entitled to judgment as a matter of law. *United States v. One Tintoretto Painting,* 691 F.2d 603, 606 (2d Cir.1982). Ordinarily, a fact question might be created by the conflicting affidavits of plaintiff and Jeanette Oppedisano. However, the court believes that in the present case summary judgment is appropriate due to plaintiff's engagement of counsel prior to the expiration of the filing deadline. In such a situation the court finds that the equitable principles discussed above should not come into play. *Smith v. American President Lines, Ltd.,* 571 F.2d at 109–10. Accordingly, there being no material issues of fact and defendants being entitled to judgment as a matter of law, it is hereby

ORDERED That defendants' motion for summary judgment is granted.