RESTAURANT CONSULTANTS, INC.[1] *vs*. ALCOHOLIC BEVERAGES
CONTROL COMMISSION.

Suffolk.  September 10, 1987. — November 16, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Alcoholic Liquors,* License. *Alcoholic Beverages Control Commission. Administrative Law,* Regulations, Rehearing, Judicial review.

A licensee's petition for a rehearing before the Alcoholic Beverages Control
   Commission did not enlarge the twenty-day period prescribed by G. L.
   c. 138, § 23, within which the licensee, following notice of the commis-
   sion's suspension of the right to sell alcoholic beverages, could have
   made a timely "offer in compromise" in lieu of the suspension. [168-170]

CIVIL ACTION commenced in the Superior Court Department
on November 19, 1986.

A motion for preliminary injunctive relief was heard by
*Elbert Tuttle,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Robert D. Epstein (Brian C. Duffey* with him) for the plain-
tiff.

*Charles E. Walker, Jr.,* Assistant Attorney General, for the
defendant.

LIACOS, J. In this action, the plaintiff, a corporation licensed
by the Commonwealth to sell alcoholic beverages, seeks relief
from an order of the Alcoholic Beverages Control Commission
(ABCC) temporarily suspending its license, and from the
ABCC's refusal to accept the plaintiff's offer in compromise
allegedly made pursuant to 204 Code Mass. Regs. § 2.17
(1986).

---

[1] Doing business as The Great Escape.

We state the procedural aspects of this appeal which are relevant to the substantive issues that the plaintiff seeks to raise. On August 28, 1986, the ABCC notified the plaintiff of a hearing regarding alleged violations of the Liquor Control Act, G. L. c. 138 (1986 ed.). The officers of the restaurant corporation appeared, without counsel, at a September 30, 1986, hearing. On October 20, 1986, the ABCC found the plaintiff guilty of the violations charged and suspended its license for twenty-eight days.[2] The plaintiff received notice of this decision on October 28, 1986. The plaintiff petitioned the ABCC for a rehearing on November 12, 1986. The petition was denied. On November 19, 1986, the plaintiff commenced an action for judicial review, see G. L. c. 30A, § 14 (1986 ed.), and requested a preliminary injunction to stay the suspension. A Superior Court judge denied the request for a preliminary injunction on November 25, 1986.

On December 10, 1986, the plaintiff filed an amended complaint in the Superior Court, together with a motion to stay the suspension. A Superior Court judge, on December 11, 1986, denied the request for a preliminary injunction. He did, however, stay the suspension until December 15 to allow appeal to a single justice of the Appeals Court. Accordingly, the plaintiff filed a petition for relief under G. L. c. 231, § 118 (1986 ed). The single justice referred the matter to a panel of the Appeals Court, staying temporarily the order of suspension. We transferred the case on our own motion. We affirm the Superior Court judge's denials of injunctive relief, and remand the case for reinstatement of the order of suspension.

Holders of licenses to sell alcoholic beverages have the option to submit to the ABCC, within twenty days of receiving a notice of suspension of the right to operate, an "offer in compromise" in lieu of the suspension. G. L. c. 138, § 23.[3]

---

[2] The plaintiff does not dispute that the findings of the ABCC were based on substantial evidence. See G. L. c. 30A, § 14(7) (1986 ed.).

[3] General Laws c. 138, § 23 (1986 ed.), provides in pertinent part: "The [ABCC] may accept from any licensee or holder of a certificate of compliance under this chapter an offer in compromise in lieu of suspension of any license or certificate of compliance previously suspended by the [ABCC].

The ABCC regulation, 204 Code Mass. Regs. § 2.17, promulgated pursuant to G. L. c. 138, requires that such offers be accompanied by a waiver of appeal and of judicial review.[4] Included in the notice of suspension was information concerning the offer in compromise procedure.[5]

The plaintiff submitted two written offers in compromise, both more than twenty days after it had received notice of suspension, and after it had commenced its action for judicial review. The ABCC rejected the offers for lack of timeliness, since they were not made within twenty days of the October 28, 1986, notice of suspension.[6] The plaintiff argues that, when

---

A licensee or holder of certificate of compliance may petition the [ABCC] to accept to such an offer in compromise within twenty days following notice of such suspension. The fine in lieu of suspension, when an offer in compromise is accepted, shall be calculated in accordance with the following formula: Fifty per cent of the per diem gross profit multiplied by the number of license suspension days, gross profit to be determined as gross receipts on alcoholic beverages sales less the invoiced cost of goods sold per diem. No such fine, in any event, shall be less than forty dollars a day. Any sums of money so collected by the [ABCC] shall be paid forthwith into the general fund of the state treasury."

[4] Section 2.17 of 204 Code Mass. Regs. provides as follows: "(1) The [ABCC] will accept offers in compromise in lieu of suspension upon the condition that said offers include a waiver of appeal and judicial review and a certified check in the amount designated by the [ABCC]. (2) In order for the [ABCC] to compute the amount which will be acceptable as an offer in compromise in lieu of suspension, the licensee shall provide the [ABCC] on the date of its hearing, a statement of its gross sales for the period of one (1) year preceding the date of the violation, signed and sworn to by the licensee and certified by a public accountant."

[5] The pertinent part of the letter that the plaintiff received on October 28, 1986, reads as follows: "You are further advised that pursuant to the provisions of M. G. L. c. 138, § 23 you may petition the [ABCC] to accept an offer in compromise in lieu of suspension within twenty (20) days following notice of such suspension. *If accepted, you may pay the fine using the enclosed form. All checks must be certified and accompanied by the enclosed form*" (emphasis in original).

Enclosed with the notice was the form entitled "Offer in Compromise of Suspension," providing for waiver of judicial review and setting forth the procedure for calculating the required amount of an offer.

[6] The plaintiff made its first written offer in compromise on December 4, 1986, tendering a check without a payee and for an amount falling far short of the specific formula. Its second written offer was made on De-

a licensee petitions for a rehearing, its offer is timely if submitted within twenty days from the notice of denial of rehearing. The claim is without merit.[7] The general rule is that "[w]here the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Gurley* v. *Commonwealth,* 363 Mass. 595, 598 (1973). See *Commonwealth* v. *Vickey,* 381 Mass. 762, 767 (1980); *Johnson's Case,* 318 Mass. 741, 747 (1945). The plain language of the statute is that an offer of compromise, if the licensee chooses to make one, must be proffered "within twenty days following notice of such suspension." The section contains no reference to an extension of time for a rehearing petition.

The plaintiff received the notice of suspension on October 28, 1986. A timely offer in compromise was due by November 17, 1986. Had the plaintiff made a timely offer comporting with the specified requirements, the ABCC would have had to accept it. By its regulation, 204 Code Mass. Regs. § 2.17(1), providing that the "[ABCC] *will* accept offers in compromise" (emphasis added), the ABCC has ceded whatever discretion it may have had under the statute.[8] It has bound itself to accept

---

cember 12, 1986. The plaintiff claims that oral offers in compromise were made to the ABCC's counsel on November 19 and November 26, 1986. We note both that such oral offers would fail to satisfy the regulation governing the proper form of offers in compromise, see note 4, *supra,* and that, in this case, the twenty-day period expired on November 17, 1986.

[7] The plaintiff's other argument that the original notice of proceedings before the ABCC was invalid, in that it failed to state the possible penalties for the alleged statutory violation, is not sustained by the statute. The possible penalties are listed in G. L. c. 138, § 64. General Laws c. 30A, § 11(1), does not require notice of the possible penalties of a violation of the statute. See *Aristocratic Restaurant of Mass., Inc.* v. *Alcoholic Beverages Control Comm'n (No. 1),* 374 Mass. 547, 549-551 (1978).

[8] The ABCC argues that it has discretion whether to accept a proper offer in compromise. While G. L. c. 138, § 23 (see note 3, *supra*), appears to make acceptance discretionary (the ABCC "may accept"), the regulation (see note 3, *supra*) provides for no discretion (the ABCC "will accept"). The regulation promulgated has the force of law, and the ABCC is bound by it. *Royce* v. *Commissioner of Correction,* 390 Mass. 425, 427 (1983). See *Northbridge* v. *Natick,* 394 Mass. 70, 76 (1985) ("agency must follow its own regulations even in the face of inconsistent internal guidelines"). Thus, once a timely and proper offer is submitted, it must be accepted.

all timely offers meeting the criteria for disclosure of financial data, payment, and waiver of judicial review.[9]

The stay granted by the Appeals Court, pending appeal, is vacated. The case is remanded to the Superior Court where the entry is to be that the decision of the ABCC is affirmed.

*So ordered.*

---

[9] The plaintiff's contention that the requirement of a waiver of judicial review violates his rights under G. L. c. 30A, § 14, is unpersuasive. The regulatory offer in compromise scheme permits a licensee to enter into an agreement forgoing the expense of judicial redress and of business closure, in return for the ABCC's willingness to allow the licensee to remain open while accepting a lesser penalty. The process is eminently fair to the licensee, saving him much time and expense and leaving to his discretion the choice whether or not to utilize the agreement procedures. If he so chooses, the licensee may not then have a second bite at the apple and pursue an action for judicial review.