INDEPENDENCE PARK, INC. *vs.* BOARD OF HEALTH OF
BARNSTABLE & another[1]
(and a companion case[2]).

Barnstable. November 8, 1988. — December 7, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Health, Board of. Subdivision Control*, Board of health. *Regulation. Municipal Corporations,* Board of health.

The provisions of G. L. c. 111, § 127P, a so-called grandfathering statute, that apply to limit the power of a municipal board of health to regulate subdivisions pursuant to G. L. c. 111, § 31, do not limit the power of a board of health to issue recommendations to the planning board under G. L. c. 41, § 81U, with respect to a particular definitive subdivision plan. [478-481]

Where a town's board of health, by a regulation promulgated under G. L. c. 111, § 31, required that certain lots or new buildings located within 3,000 feet of a sewer line be connected to the public sewer, but made no provision to require any lots or buildings farther from a sewer line to be so connected, the board of health properly exercised its power under G. L. c. 41, § 81U, to recommend to the planning board that certain lots depicted on a definitive subdivision plan, all of which were more than 3,000 feet from a municipal sewer line, be connected to the sewer. [481-482]

A civil action was properly dismissed under Mass. R. Civ. P. 12 (b) (6), where the complaint did not allege any facts to support a claim based on either of two different legal theories. [482]

CIVIL ACTIONS commenced in the Superior Court Department on April 14, 1986, and June 5, 1986, respectively.

[1] Planning board of Barnstable. The planning board is precluded from approving a subdivision plan which does not comply with the recommendations of the board of health, *Loring Hills Developers Trust* v. *Planning Bd. of Salem,* 374 Mass. 343, 348 (1978). The plaintiff challenges only that portion of the decision of the planning board that incorporates recommendations of the board of health.

[2] Independence Park, Inc. *vs.* Board of Health of Barnstable & another. The issues in the two cases are identical, but involve different parcels of land.

The cases were heard by *Francis W. Keating*, J., on motions to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Michael D. Ford* (*Michael Murphy* with him) for the plaintiff.

*John H. Henn* (*Robert D. Smith*, Town Counsel, with him) for the Board of Health of Barnstable & another.

*James M. Shannon*, Attorney General, & *James R. Milkey*, Assistant Attorney General, for the Commonwealth, amicus curiae, submitted a brief.

*Janet McGowan*, for Conservation Law Foundation of New England, Inc., amicus curiae, submitted a brief.

NOLAN, J. The plaintiff, Independence Park, Inc. (Park), a developer, appeals from judgments of the Superior Court dismissing its actions against the defendants. Park's complaints charged that the defendant Barnstable board of health had violated G. L. c. 111, § 127P, a so-called grandfathering statute, in recommending that Park construct connectors to the public sewers in its proposed subdivisions. The defendants moved to dismiss the complaints under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The motions were allowed in the Superior Court. The Appeals Court reversed. 25 Mass. App. Ct. 489 (1988). We allowed the developer's application for further appellate review. We affirm the judgments of the Superior Court.

The complaints alleged that no lot within the subdivisions here involved is within 3,000 feet of a municipal sewer line. The developer argues that it should thus be exempt from a board of health regulation requiring development on land within 3,000 feet of the municipal sewer line to connect to the public sewer.[3] No regulation addressed land located more than 3,000 feet from a municipal sewer line. The board of health, exercis-

---

[3] This regulation covered land located in "zone[s] of contribution to a public supply well," such as the plaintiff's. Another regulation gave the board of health discretion to order sewer connections for land not within a zone of contribution and less than 3,000 feet from a public sewer line.

ing its power under G. L. c. 41, § 81U,[4] recommended that Park connect its development to the public sewer. The board noted the subdivisions were located in a critical groundwater zone serving wells of the Barnstable Water Company and the Barnstable fire district, and expressed concern that sewage and industrial waste posed a greater environmental threat than residential waste. After the Barnstable planning board, subject to the board of health's recommendations, approved the subdivisions, Park filed its complaints in Superior Court.

The statute at issue in this case, G. L. c. 111, § 127P (grandfathering statute), seeks to protect developers by requiring that a subdivision be subject only to those State and local regulations in effect when a developer submits a preliminary plan, provided that the developer files a definitive plan within seven months.[5] When the Legislature passed this grandfathering

---

[4] The first paragraph of G. L. c. 41, § 81U, as amended by St. 1978, c. 422, § 1, states in part: "When a definitive plan of a subdivision is submitted to the planning board, as provided in section eight-one O, a copy thereof shall also be filed with the board of health or board or officer having like powers and duties. Such health board or officer shall, within forty-five days after the plan is so filed, report to the planning board in writing, approval or disapproval of said plan, and, in the event of disapproval, shall make specific findings as to which, if any, areas shown on such plan cannot be used for building sites without injury to the public health, and include such specific findings and the reasons therefor in such report, and where possible, shall make recommendations for the adjustments thereof. Failure of such board or officer to report shall be deemed approval by such board or officer. Such health board or officer shall send a copy of such report, if any, to the person who submitted said plan. When the definitive plan shows that no public or community sewer is to be installed to serve any lot thereon, approval by a board of health or officer shall not be treated as, nor deemed to be approval of a permit for the construction and use on any lot of an individual sewage system; and approval of a definitive plan for a subdivision by a board of health or officer shall not be treated as, nor deemed to be, an application for a permit to construct or [use] an individual sewage system on any lot contained therein."

[5] In relevant part, G. L. c. 111, § 127P, inserted by St. 1981, c. 750, § 1, provides: "Whenever a person has submitted a subdivision plan, . . . the land shown on such plan shall be governed by provisions of the state environmental code, or of the provisions of local board of health regulations which differ from said code, which are in effect at the time of first submission of said plan. Said provisions shall apply during the time such plan is being processed, including the time required to pursue or await the determination of an appeal relative to said plan."

statute in 1981, boards of health had long held the power to issue recommendations to the planning board that are tailored to a specific factual situation. G. L. c. 41, § 81U. Boards of health also held, and continue to hold, plenary power to promulgate reasonable health regulations that are general in application and take effect prospectively. G. L. c. 111, § 31. See *United Reis Homes, Inc.* v. *Planning Bd. of Natick*, 359 Mass. 621, 623 (1971). The Legislature could have included both the board's power to recommend and its power to regulate in the grandfathering statute when it passed the statute in 1981. It chose, instead, to limit expressly only regulations, not recommendations. A statute that exempts projects from a previously enacted statute must be strictly construed. See *Loyal Protective Life Ins. Co.* v. *Massachusetts Indem. & Life Ins. Co.*, 362 Mass. 484, 493 (1972). The Legislature also has stated explicitly that, in the absence of clear language to the contrary, all statutes are to be construed to prevent damage to the environment. G. L. c. 30, § 61.

Further, as we stated in *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580 (1981), we are "loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication." *Id.* at 585. The grandfathering statute does not limit a board of health to review of subdivision plans only on the basis of promulgated regulations, either by its express terms or by implication. In fact, nothing in the grandfathering statute at issue here refers to the board of health's process of recommendation set out in G. L. c. 41, § 81U. Park would have us read the grandfathering statute to eviscerate the power of a board of health by precluding it from imposing any condition on a development that is not already set forth in the State environmental code or local regulation. We do not believe this is what the Legislature intended.

Our goal in interpreting two or more statutes relating to the same subject matter is to construe them so as to constitute an harmonious whole, consistent with the legislative purpose. *Registrar of Motor Vehicles, supra* at 585. It is possible to read, as an harmonious whole, the grandfathering statute and

the statute empowering boards of health to make recommendations, by distinguishing regulations from recommendations. Courts reviewing a regulation presume rationality and "[will] not declare it void unless its provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate." *Borden, Inc.* v. *Commissioner of Pub. Health*, 388 Mass. 707, 723 (1983). Recommendations, on the other hand, do not receive such highly deferential review. When a board of health imposes a condition through the recommendation process, that action is subject to full de novo review pursuant to G. L. c. 41, § 81BB. *Rettig* v. *Planning Bd. of Rowley*, 332 Mass. 476, 478-479 (1955). See *Loring Hills Developers Trust* v. *Planning Bd. of Salem*, 374 Mass. 343, 350 (1978). Through such review, a developer is fully protected from improper board of health action. Under our reading of these statutes, the developer is protected by the grandfathering statute from changed regulations that would be difficult to challenge, while the public is protected because the board of health can issue recommendations covering matters not addressed in existing regulations, so long as these recommendations can withstand a de novo review of the reasonableness of its action.

A recommendation by a board of health may supplement the regulations when they are silent on a given matter, but its recommendation may not contradict an existing regulation. See *Restaurant Consultants, Inc.* v. *Alcoholic Beverages Control Comm'n*, 401 Mass. 167, 170 n.8 (1987) (a governmental agency is bound by its own regulations). The board of health did not contradict existing regulations because there were none regarding property more than 3,000 feet from a municipal sewer line. Although the maxim "the expression of one thing is an implied exclusion of other things omitted from the statute" has been used appropriately in some contexts, see *Glorioso* v. *Retirement Bd. of Wellesley*, 401 Mass. 648, 650 (1988) (construing jurisdiction), it has been called a fallible aid to decision and is disfavored where its use would lead to an awkward or intolerable result. *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 348 (1978). If we did not defer to the board of health's conclusion that an existing regulation mandating sewers in

some circumstances did not preclude an order to build sewers in different circumstances, we would be forcing boards of health to be omnisciently comprehensive in writing their regulations. That would be an intolerable burden and an unattainable objective.

For these reasons, the complaints were correctly dismissed in the Superior Court under Mass. R. Civ. P. 12(b)(6).

Park contends that, even if this court agrees with the trial court on the grandfathering statute, its complaints should not be dismissed. Park argues that its general statement of grievance in its complaints preserved its right to challenge whether the board of health's recommendation was reasonable in light of the evidence submitted to the board. See *Loring Hills Developers Trust* v. *Planning Bd. of Salem, supra* at 350. Park did not, however, allege any facts to support that claim, but pleaded specifically and solely on the basis that the board violated the grandfathering statute.

A complaint need not set forth facts with great specificity under Mass. R. Civ. P. 8 (a), 365 Mass. 749 (1974). Our long-held interpretation of rule 8 is that a plaintiff can withstand a motion to dismiss if he has alleged facts that entitle him to any form of relief, even if he has not alleged the correct legal theory in his complaint. *Nader* v. *Citron*, 372 Mass. 96, 104 (1977). This plaintiff, however, does not wish merely to raise a different theory but to plead new facts, and thus falls outside the scope of *Nader*.

*Judgments affirmed.*