Volterra, J.
Plaintiff Vincent J. Cammarano, Esq., a member of the Massachusetts Bar, who practices in Boston, brings this complaint alleging that the defendants, Boston Bar Association, its past president James Marcellino, Esq.; its president, Richard A. Soden, Esq.; its executive director, Francis S. Moran, Jr.; the director of the Suffolk County Bar Advocate Program, Mary Lee Walsh, Esq.; and staff counsel of the Boston Bar advocate program, John Prescott, negligently disregarded plaintiffs demand to be re-activated in the program and that each of the defendants discriminated against him because of his age.
Each of the defendants move pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss plaintiffs complaint for failure to state a claim upon which relief can be granted.
After considering the arguments of counsel and examining and evaluating their submissions and affidavits, I conclude that the contentions of the defendants are correct as a matter of law since the plaintiff s complaint shows without doubt that no provable set of facts would entitle him to relief. Harvard Law School Coalition for Civil Rights v. President of Fellows of Harvard College, 413 Mass. 66, 68 (1992).
Accordingly, I dismiss plaintiffs complaint.
*184 DISCUSSION
Pursuant to G.L.c. 21 ID, the Committee for Public Counsel Services (Committee) is charged with establishing and maintaining a system for the appointment of counsel for indigent criminal or civil defendants who face incarceration. The private division of the Committee by statute contracts with bar associations or other legal groups for the delivery of legal services to such indigents. The Committee has contracted with the Boston Bar Association to provide legal services pursuant to the statute. The Boston Bar program provides approximately 324 lawyers for service in the courts of Suffolk County. Through attrition and removal approximately 40 new lawyers are appointed into the program semi-annually.
Plaintiff makes the following factual allegations in his complaint:
For a number of years plaintiff served in this program. In 1989 plaintiff requested that the Boston Bar cease to assign him to the various courts, and plaintiff was dropped out of the program.
In August of 1992, plaintiff sought to be re-appointed to the list of eligible attorneys. Plaintiffs application was not accepted by the Boston Bar Association. The defendant Prescott informed him that only young attorneys were being appointed to given them litigation experience and to get their practices started.
Plaintiff was told by Moran and Marcellino that he appeared to be qualified for appointment. Plaintiff, in spite of written demands for re-appointment, was not re-appointed due to the negligent disregard of plaintiffs notices by the BBA, Marcellino, Walsh, Moran, Prescott and Soden. Moreover, the named defendants negligently appointed less qualified people to the Boston Bar appointment list. Plaintiff alleges that the failure to admit him into the program administered by the BBA amounts to unlawful age discrimination.
The plaintiffs complaint was filed on March 14, 1995. Plaintiff filed an age discrimination complaint with the Massachusetts Commission on Age Discrimination. (MCAD) on March 21, 1995. Plaintiff has never received permission from the MCAD to bring this or any other action based on age discrimination.
Plaintiff does not allege nor could he ever prove that he is an employee or prospective employee of the Boston Bar Association or of its Bar Advocate Program.
As was taught in Harvard Law School Coalition for Civil Rights, supra at 68, “. . . we will not assume that the legislature intended to cover relationships outside the traditional common law employer-employee relationship.” (Citing Comey v. Hill, 387 Mass. 11, 15 (1982).)
It is clear from the statutory and contractual relationship between the Commonwealth and the Boston Bar Association; and then between the Boston Bar Association, the Trial Court and the attorneys selected by the Boston Bar Association to provide legal services for indigents that an applicant for such a legal service appointment is not an employee or prospective employee within the traditional common law employee-employer relationship. See also Harvard Law School Coalition for Civil Rights, supra at p. 69, n.3, where the court supports its conclusions in respect to the employment relationship restriction for this litigation by examining case law in the analogous federal statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§1000e et seq. (1988). The Harvard court found considerable support for limiting Title VII area of concern to the employees [or prospective employees] found in the traditional employee-employer relationship in the decided federal cases construing Title VII.
Moreover, the submissions of the parties demonstrate without doubt that all the allegations of age discrimination in the plaintiffs complaint must be dismissed on the ground that the jurisdictional prerequisites of G.L.c. 15 IB, and the federal ADEA statute vest exclusivity in the MCAD and the EEOC. Plaintiff is barred from proceeding in this court until he either exhausts his administrative remedies or received agency permission to bring his action in this court. See U.S.C. §626(d); G.L.c. 151B, §§5 and 9. “Complaints [grounded in age discrimination) must be addressed first to the [MCAD], and it is only after exhaustion of that administrative agency’s procedures that there may be resort to the courts.” Sereni v. Star Sportswear Mfg Co. 24 Mass.App.Ct. 428, 429 (1987). Moreover, as the plaintiff here in this case has filed a complaint with the MCAD, he must secure the permission of the MCAD to bring this action. Plaintiff has clearly failed to gain such permission. In respect to any federal ADEA claims, plaintiff must likewise proceed first in the EEOC or in the MCAD. The requirement that an age discrimination claim must first be filed with a responsible administrative agency is designed to permit a window of opportunity for the agency to effect conciliation. Comfort v. Rensselaer Polytech Institute, 575 F.Supp. 258, 260 (N.D. N.Y. 1983).
In respect to the negligence claims plaintiff alleges against all of the defendants, the plaintiff sets forth no facts which would support the elements of the tort. Simply put the defendants owe him no duty to place him in the Bar Advocate Program. This is best demonstrated by the Boston Bar Association’s program. Semi-annually the BBA accepts 40 new applicants into the program. The competition for the appointments is highly competitive with four applicants for every position to be filled. The Boston Bar Association, consistent with its statutory duty pursuant to G.L.c. 21 ID, §6(b) and §10 must consider factors of competence, diversity, training, and experience. It must also attempt to enlist persons skilled in speaking foreign languages. To insure that the best possible candidates are selected the Bar Association must be given consid *185 erable latitude and discretion in the selection process. Moreover, as the affidavits show quite clearly many middle aged applicants are selected. I conclude that consistent with its statutory duty pursuant to G.L.c. 21 ID, §6(d) and §10, the BBA must be free to appoint the most competent applicants it chooses. Plaintiff has utterly failed to plead facts which would support an allegation that the BBA owed a duty to appoint plaintiff is fatal to his claims as a matter of law. Warren H. Bennett, Inc. v. Charlestown Savings Bank, 3 Mass.App.Ct. 753, 753 (1975) (rescript).
Plaintiffs latest amended complaint asserts a contract claim. Plaintiff alleges a contract only in a facially conclusionary way. No facts are pleaded to show the existence of a contractual relationship between the plaintiff and the defendants.
Although a plaintiff can withstand a motion to dismiss if he has alleged facts that entitle him to any form of relief, even if he has not alleged the correct legal theory in his complaint, the plaintiff in this case has utterly failed to assert any facts which would permit a fact finder to have inferred the existence of a contract between him and the defendants. Independent Park, Inc. v. Board of Health of Barnstable, 403 Mass. 477, 482 (1988).
ORDER
For the foregoing considerations the plaintiffs complaint is DISMISSED.