Fecteau, J.
The issue that is brought into sharp focus by these cross motions for summary judgment is whether a board of health, when making its recommendation to the planning board under the provisions of the Subdivision Control Law, G.L.c. 41, §§81K-81GG, has authority, as a matter of law, to consider its knowledge of the presence of contaminants in an adjoining property and the absence of evidence to support a conclusion that the contamination has not migrated to the locus in question.
The plaintiff is the owner of an 85-acre parcel of land concerning which it sought definitive subdivision approval. The defendant members of the boards of health and planning denied that approval on the ground that the locus was contiguous to a known hazardous waste site and that the developer had not provided any information to show the absence of contamination at the locus. The plaintiff contends that, as a matter of law, the defendants exceeded their lawful authority and were otherwise arbitrary and capricious in having denied approval of their definitive subdivision plan for this reason. The defendants contend otherwise, saying that the plaintiff cannot prove that their decisions were unlawful. The parties appear to agree that the issue, as presented by their cross motions, is a pure question of law with no genuine issues of material fact.
The plaintiffs position depends largely upon the authority of two cases from the Appeals Court, Massachusetts Broken Stone Company v. Planning Board of Weston, 45 Mass.App.Ct. 738 (1998), and MP Corp. v. Planning Board of Leominster, 27 Mass.App.Ct. 812 (1989). The defendants contend that the plaintiffs reliance upon these cases is misplaced, as the facts of each are distinguishable from those at bar. This court agrees.
First, the facts of MP Corp., are inapposite due to the fact that the recommendation of the board of health therein was late, having been sent after the 45-day statutory limit for such input, resulting in a constructive approval by the board of health. Secondly, the planning board’s rejection of the plan for reasons of hazardous waste were found to be beyond the scope of their subdivision regulations and therefore, outside the scope of their lawful authority. Here, the recommendation of the board of health was timely sent to the planning board, which, as the plaintiff here recognizes, “a planning board may not approve a subdivision plan which does not comply with the recommendation of the board of health; the planning board’s options in such a case are limited to those of disapproving the plan [which occurred here], or modifying it in such fashion as to bring it into conformity with the recommendations of the board of health.” Loring Hills Developers Trust v. Planning Board of Salem, 374 Mass. 343, 348 (1978), and G.L.c. 41, §81U.
The plaintiff contends that the board of health is powerless to consider questions of water quality at the subdivision approval stage, but must instead wait until after subdivision approval is granted and construction is contemplated, relying upon Mass. Broken Stone, supra. While there is language in that case to the effect that the board of health’s condition of ground water “testing during subdivision approval process does not constitute a proper basis for disapproving the subdivision plan,” at p. 747, citing MP Corp., and that the condition imposed by the board of health requiring “that prior to any construction, evidence be submitted demonstrating the absence of harmful chemical contaminants in the ground water and soil, has no apparent relation to the merits of the subdivision plan.” Id. at 746. However, the express recommendation at issue in Mass. Broken Stone required: “that prior to any construction, evidence be submitted demonstrating that neither the ground water nor the soil contained chemical contaminants inimical to human health.” Mass. Broken Stone Company v. Planning Board of Weston, 45 Mass.App.Ct. 738, 745 (1998). The court deemed this, as well as two other conditions, as “conditions for approval” but obviously, the wording of the condition recognized and implied a review by the health board that could only have occurred following subdivision approval. Indeed, the decision of the Appeals Court appears to have adopted this condition by its order to the Land Court to issue a judgment that orders “the planning board is hereby ordered to approve and endorse the plaintiffs definitive subdivision plan, on condition that no building or structure shall be built or placed upon any lot without consent by the board of health . . .”
*350 This is also not a case in which the concerns of the board are premature, such as were noted in the case of Fairbairn v. Planning Board of Barnstable, 5 Mass.App.Ct. 171, 184-85 (1977), a case in which the capacity and locations of private sewer systems were discussed. Here, the potability of water does not depend upon the number or size of dwellings or the locations of the septic systems. Every dwelling unit contemplated here must have uncontaminated water. There is no reference, however, in the decision of Mass. Broken Stone, to any known source of contamination believed by the board of health to exist at or near the locus, contemplated by the developer as a five-lot office complex. Here, however, there is a well-known history and record of land adjacent to the locus being contaminated that does bear a relationship to the merits of the subdivision plan. As was noted in Independence Park, Inc. v. Board of Health of Barnstable, 403 Mass. 477, 480 (1988): “boards of health had long held the power to issue recommendations to the planning board that are tailored to a specific factual situation.”
While the planning board in MP Corp. did not have regulations that dealt with the subject of hazardous waste, and the court there held that it was, therefore, not a proper subject for planning board concern, here the motion record reveals that the board of health has water quality regulations as concerns private well construction. Moreover, “a recommendation by a board of health may supplement the regulations when they are silent on a given matter, but its recommendation may not contradict an existing regulation.” Id. at 481. Even if the board of health had no regulations concerning the subject of water quality, “the concern of the board of health” as regards water quality in the face of a known contamination site abutting the locus in question, proposed for a 47-lot residential subdivision, is legitimate, consistent with the purpose of the Subdivision Control Law in “ensuring sanitary conditions in subdivisions . . .” G.L.c. 41, 81M. Moreover, “boards of health have plenary power to make reasonable health regulations and to remove or prevent nuisances, sources of filth and causes of sickness.” G.L.c. 111, §§31, 122." United Reis Homes, Inc. v. Planning Board of Natick, 359 Mass. 621, 623 (1971). This case is sufficiently similar to that of K. Hovnanian at Taunton, Inc. v. Planning Board of Taunton, 32 Mass.App.Ct. 480 (1992), since the plaintiff here, like the developer therein, failed to demonstrate the adequacy of the provision of water, and, by inference, water quality. Stately Homes was provided with an adequate opportunity to demonstrate the availability of uncontaminated water, since its preliminary plan was also disapproved based upon an unfavorable recommendation from the board of health, with which it failed to take advantage or to perform any site testing.
Therefore, the record fails to support the plaintiffs claim that the denial by the defendants of its definitive subdivision plan was arbitrary, capricious or erroneous, as a matter of law, or exceeded the lawful authority of the board of health and the planning board. Consequently, and for the foregoing reasons, the plaintiffs motion for summary judgment is denied. With respect to the cross-motion of the defendants, it is allowed to the extent that, as a matter of law, the actions of the board of health and, consequently, the planning board in connection with their review and denial of approval of the plaintiffs definitive subdivision plan did not exceed their authority under the provisions of the Subdivision Control Law.[1]

 While the plaintiffs memoranda, both in support of its motion, and in opposition to the motion of the defendant appear to treat this issue as dispositive, the court is unclear as to whether there remains any claim or right by the plaintiff that the defendants’ actions, as a matter of fact, exceeded lawful authority. The court shall provide the parties an additional opportunity to brief whether any further resolution of the issues is necessary, or whether the parties agree that the case is ripe for the entry of judgment, such briefing to be filed by March 12, 2004.