406 Mass. 698 (1990)
550 N.E.2d 376
R.J.A.
vs.
K.A.V. & another.[1]
Supreme Judicial Court of Massachusetts, Middlesex.
September 13, 1989.
February 21, 1990.
Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.
Richard A. Davidson, Jr., for the plaintiff.
Countess C. Williams, Assistant Attorney General, for the intervener.
Peter G. DeGelleke (Gray H. Wexelblat with him) for the defendant.
NOLAN, J.
This is the second case we decide today which challenges the constitutional validity of G.L.c. 209C, § 5 (a) (1988 ed.). The statute bars a putative father from filing a paternity action under G.L.c. 209C, if the mother was married to another man at the time of the child's birth. See C.C. v. A.B., ante 679 (1990).
The plaintiff filed two complaints against the defendant to establish his paternity and to obtain orders relative to custody, *699 visitation, and child support. The plaintiff asserts that he is the father of two minor children born to the defendant while she was married to another man. The defendant moved to dismiss the complaints on the grounds that the plaintiff lacked standing under G.L.c. 209C, § 5 (a), and because he failed to join a necessary party.[2] The plaintiff responded asserting that G.L.c. 209C, § 5 (a), violates the due process and equal protection clauses of the United States Constitution. The judge denied the defendant's motion to dismiss for failure to name a necessary party. Rather than rule on the issue of the plaintiff's standing, the judge made subsidiary and ultimate findings of fact, then reserved and reported the cases to the Appeals Court pursuant to G.L.c. 215, § 13 (1988 ed.). We granted the defendant's application for direct appellate review.
The plaintiff concedes that he lacks standing to bring the actions under the statute, but urges that, as applied to him, such a result is violative of the United States Constitution. The plaintiff's argument is premised on the assumption that § 5 (a) bars him from seeking an adjudication of paternity pursuant to the Probate Court's equity jurisdiction. As we explained in C.C. v. A.B., supra at 682, G.L.c. 209C, § 5 (a), does not bar the plaintiff from commencing a common law action for an adjudication of paternity pursuant to the Probate Court's equity jurisdiction.
Pursuant to our holding today in C.C. v. A.B., supra at 682, the plaintiff's common law right to seek an adjudication of paternity in equity is substantially equivalent to the statutory action available to others. Because the plaintiff has this substantially equivalent common law right available to him, we find it unnecessary to address the constitutionality of the statute. See Commonwealth v. Paasche, 391 Mass. 18, 21 (1984).
The defendant's motion to dismiss for lack of standing under G.L.c. 209C should be denied and the cases should *700 proceed pursuant to the Probate Court's equity jurisdiction.[3] The cases are remanded to the Probate Court.
So ordered.
O'CONNOR, J. (dissenting in part, with whom Lynch, J., joins).
Two children are involved in this case. One was born while the mother was married to a man other than the plaintiff. The other was born two years later, and 258 days after the mother's divorce became final. Because "[t]he family unit accorded traditional respect in our society" does not "include the relationship established between a married woman, her lover and their child," Michael H. v. Gerald D., 109 S.Ct. 2333, 2342 n. 3 (1989), the plaintiff does not have a liberty interest that constitutionally entitles him to an adjudication of paternity. The court does not suggest otherwise, but instead concludes as a matter of policy, consistent with its decision in C.C. v. A.B., ante 679 (1990), that "the cases should proceed pursuant to the Probate Court's equity jurisdiction." Ante at 699-700. As I stated in my dissenting opinion in C.C. v. A.B., supra, I believe that the Legislature has stated the Commonwealth's policy to be that, in the circumstances of this case, a putative father lacks standing to obtain an adjudication of paternity. This court is not free to declare conflicting policy, and therefore I do not share the view that the plaintiff should be permitted to proceed further.
NOTES
[1] The Attorney General, intervener.
[2] The defendant asserted that, pursuant to Mass. R. Dom. Rel. P. 19 (1989), the husband should have been named as a party.
[3] In this case, many facts which bear on whether a "substantial relationship" exists between the plaintiff and the children remain unknown. See C.C. v. A.B., supra at 689-690 (first step in inquiry is whether there is substantial relationship between putative father and child). If a complaint is filed requesting an adjudication of paternity pursuant to the court's equity jurisdiction, the complaint must allege facts which bear on whether the plaintiff has a right to an adjudication of paternity. Id.

Due to the insufficiency of the factual record, it would be inappropriate to address, at this time, the putative father's argument that the statute violates the constitutional rights of the children.