C.M. *vs.* P.R.

Berkshire. February 9, 1995. - May 3, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Motion to dismiss. *Paternity. Probate Court*, Paternity proceeding.

In a proceeding brought in Probate Court by a man to establish his paternity of a child and seeking visitation rights, the judge correctly allowed the defendant mother's motion to dismiss the complaint under Rule 12 (b) (6) of the Rules of Domestic Relations Procedure, for failure to state a claim on which relief can be granted, where the plaintiff, who admittedly was not the biological father of the child, could not establish his paternity under G. L. c. 209C, nor did he assert any other ground upon which equitable relief might have been granted under G. L. c. 215, § 6. [221-225]

CIVIL ACTION commenced in the Berkshire Division of the Probate and Family Court Department on October 29, 1993.

The case was heard by *Henry O'Connor, Jr.*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mitchell W. Boraski* for the plaintiff.

*Neil C. Giroux* for the defendant.

ABRAMS, J. We set forth the facts asserted by the losing party as background to the complaint.[1] The facts, which are largely undisputed,[2] were not in the plaintiff's complaint. On October 27, 1989, the defendant, P.R. (mother), who was not

---

[1] The record consists of a complaint filled in by check marks on a form and the admission by the plaintiff that he is not the biological father.

[2] The only factual dispute set forth by the parties is whether the plaintiff and the defendant began living together seven months or three and a half months before the birth of the child.

then married, gave birth to K.M (child). The mother had been living with the plaintiff for several months before the birth. The plaintiff is not the biological father of the child. The plaintiff attended child birth classes with the mother and was in the delivery room when the child was born. His name appears as the father on the child's birth certificate. The parties chose the name of the child together and the child has the plaintiff's last name. The plaintiff, the mother, and the child lived together as a family for three years. The plaintiff devoted much time to caring for the child. At times, he served as primary caretaker while the mother worked.

The plaintiff ceased living with the mother and the child in November, 1992. The mother allowed a continued relationship between the plaintiff and the child. The plaintiff voluntarily made payments for the child's support and regularly visited with the child. In October, 1993, the mother ended the plaintiff's regular visits with the child. The plaintiff filed a complaint to establish paternity, and seeking visitation rights, in the Berkshire County Probate and Family Court Department. The mother filed a motion to dismiss under Rule 12 (b) (6) of the Rules of Domestic Relations Procedure on the ground that the plaintiff was not the biological father. The Probate Court judge allowed the motion. The plaintiff appealed. We transferred the case here on our own motion. We affirm.

Rule 12 (b) (6) allows dismissal for failure to state a claim on which relief may be granted. "In testing the correctness of a judgment dismissing a complaint for failure to state a claim on which relief can be granted, we accept as true all of the allegations of the complaint and all reasonable inferences which may be drawn from the complaint and which are favorable to the party whose claims have been dismissed. . . . Further, a motion to dismiss a complaint on such grounds should not be allowed unless it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of the claim" (citations omitted). *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 191 (1982). "[A] plaintiff can withstand a motion to dismiss

if he has alleged facts that entitle him to any form of relief, even if he has not alleged the correct legal theory in his complaint." *Harvard Law Sch. Coalition for Civil Rights* v. *President & Fellows of Harvard College*, 413 Mass. 66, 71 (1992), quoting *Independence Park, Inc.* v. *Board of Health of Barnstable*, 403 Mass. 477, 482 (1988). See *R.R.K.* v. *S.G.P.*, 400 Mass. 12, 13 (1987). The complaint did not allege that the plaintiff is the biological father of the child. At a hearing for temporary visitation, the plaintiff, through counsel, admitted that the plaintiff is not the child's biological father.

Paternity of children born out of wedlock is generally determined under G. L. c. 209C (1992 ed.). Under this chapter, a complaint to establish paternity, support, and visitation or custody of a child may be commenced by, inter alia, a "person standing in a parental relation to the child." G. L. c. 209C, § 5 (*a*). The defendant concedes that the plaintiff may have standing as such a person.[3] Nonetheless, the plaintiff is not entitled to relief.

"The purpose of the statute is to deal with actions to establish paternity in the context of children born out of wedlock." *C.C.* v. *A.B.*, 406 Mass. 679, 681 (1990). See G. L. 209C, § 1 (1992 ed.).[4] While the child was born out of wedlock, see G. L. c. 209C, § 1, the plaintiff is admittedly not

---

[3]Because the defendant concedes this, we do not consider whether the plaintiff is actually a "person standing in a parental relation to the child." We note that a "[p]erson acting as a parent" is defined in G. L. c. 209B, § 1, as "a person other than a parent who has physical custody of a child and who has either been awarded custody of a child or claims a legal right to custody."

[4]This section provides, in pertinent part: "Children born to parents who are not married to each other shall be entitled to the same rights and protections of the law as all other children. It is the purpose of this chapter to establish a means for such children either to be acknowledged by their parents voluntarily or, on complaint by one or the other of their parents or such other person or agency as is authorized to file a complaint under section five, to have an adjudication of their paternity, to have an order for their support and to have a declaration relative to their custody or visitation rights ordered by a court of competent jurisdiction." G. L. c. 209C, § 1 (1992 ed.).

the biological father. By definition, a person who is not the biological father of a child cannot establish his paternity.[5]

The plaintiff sought visitation rights as well as an adjudication of paternity. While G. L. c. 209C allows adjudication of visitation rights, it only does so where there has been an adjudication of paternity. *Id.* at § 1 (purpose is to establish a means for children born out of wedlock "to have an adjudication of their paternity . . . and . . . visitation rights ordered by a court"). See *C.C.* v. *A.B.*, *supra* at 681. This section does not provide for visitation by nonparents.[6]

The complaint also can be read as a petition for relief under the equitable powers of the courts pursuant to G. L. c. 215, § 6 (1992 ed.). General Laws c. 209C does not limit the scope of this equity jurisdiction. *C.C.* v. *A.B.*, *supra* at 682. The plaintiff, however, did not assert a ground upon which relief could be granted. Cases seeking paternity under G. L. c. 215, as well as those under G. L. c. 209C, allege biological fatherhood. See, e.g., *M.J.C.* v. *D.J.*, 410 Mass. 389 (1991); *R.J.A.* v. *K.A.V.*, 406 Mass. 698 (1990); *C.C.* v. *A.B.*, *supra*. The plaintiff did not allege that he was the biological father. His devotion to the child does not, without more, permit an adjudication of paternity or visitation privileges.

The plaintiff argues that we should recognize the "equitable parent" doctrine. That doctrine provides that the husband of the biological mother of a child born or conceived

---

[5]A nonparent can establish parental rights by adopting the child. See G. L. c. 210 (1992 ed.). The plaintiff did not adopt the child.

[6]The plaintiff argues that, even if he cannot bring a claim for paternity, he has a right to request custody and visitation under G. L. c. 209C, § 10 (*d*) (1992 ed.). This section requires either consent of the surviving parents or their unfitness. *Id.* The plaintiff has alleged neither of these. Further, this section only provides for custody, not visitation.

The plaintiff notes that a paternity action commenced by another would require his joinder because he and the mother received the child into their home and held her out as their child, and because he is named as the father on the child's birth certificate. G. L. c. 209C, § 6 (*a*) (1992 ed.). This is irrelevant. Such joinder is based on a presumption of paternity. *Id.* The plaintiff admittedly is not the father.

during marriage, who is not the biological father of the child, may be treated as the father if a parental relationship is acknowledged by the father and child or is developed in cooperation with the mother. *Atkinson* v. *Atkinson*, 160 Mich. App. 601, 608-609 (1987).[7] In that case, the man was married to the natural mother at the time of conception or birth. *Id.* The complaint in this case makes no such allegation. When a man is neither the biological or adoptive father nor married to the mother, there is little authority that supports a claim of a right to visitation or custody. But see *Tubwon* v. *Weisberg*, 394 N.W.2d 601, 604 (Minn. Ct. App. 1986).

The plaintiff argues that, because his relationship with the child was fostered and supported by the defendant, equitable estoppel should prevent the defendant from arguing that he is not the father. The plaintiff, however, did not allege that the defendant represented to him that he was the biological father.

The complaint did not allege that the plaintiff is the child's biological father or that he adopted the child. It did not allege that the plaintiff was married to the mother,[8] that he had a duty to support the child, or facts tending to show that visitation would be in the interests of the child. The complaint sought a determination of the plaintiff's paternity and an order of visitation (while at the same time the plaintiff

---

[7] We have not recognized this doctrine. We have recognized that "a husband who for years acts as a father to a child born to the wife, supports that child, and holds himself out as the father to the child and to the world, may be obliged to continue to support the child when he, for the first time, renounces his apparent paternity in an attempt to avoid court-imposed support obligations." *A.R.* v. *C.R.*, 411 Mass. 570, 575 (1992). In fairness and logic, such a person should be entitled in return to assert rights of custody and visitation.

[8] We have not addressed the issue whether a husband who is not the biological or adoptive father of a child may assert rights of visitation and custody. Courts are divided on this issue. Annot., Parental Rights of Man who is Not Biological or Adoptive Father of Child but was Husband or Cohabitant of Mother when Child was Conceived or Born, 84 A.L.R.4th 655, 668-679 (1991) & 19-20 (Supp. 1994). On this record, we need not reach the issue.

acknowledged to the court that he is not the child's biological father). The plaintiff has not set forth any ground for relief.

*Judgment affirmed.*