*652 INTRODUCTION
The defendants Massachusetts Financial Services Company and MFS Service Center (collectively referred to as “MFS”) have brought a partial motion to dismiss Counts II (violation of G.L.c. 151B, §4(4)) and III (violation of G.L.c. 151B, §4(5)) of the plaintiffs complaint in full and Count I (discrimination — violation of G.L.c. 151B §4(1)) to the extent that it alleges that Izelia Francisque (“Francisque”) was discriminated against on the basis of her race and color and terminated for discriminatory and retaliatory reasons. Specifically, MFS claims that the plaintiffs aforementioned claims should be dismissed because she failed to file these claims with the Massachusetts Commission Against Discrimination(“MCAD”) within six months of her termination. For the following reasons, the defendants’ motion is DENIED.

BACKGROUND

On November 18, 1998, the plaintiff Izelia Francisque filed a discrimination suit against the defendants MFS with the MCAD. In Francisque’s MCAD charge, based upon the events of the previous day, she alleged that she “was discriminated against by [her] employer, Massachusetts Financial Services, and Cynthia Lingley, Robin Sawlit and Patricia Lingen in the terms and conditions of employment because of [her] national origin, Haiti, in violation of M.G.L. Chapter 15 IB, Section 4, Paragraph 1, and Title VII of the 1964 Civil Rights Act, as amended.” She went on to state that the defendants “subjected [her] to unequal terms and conditions of employment, including overly critical evaluations and threats of termination.”
On November 20, 1998, MFS terminated Francisque. However, it was not until May 25, 1999, over six months after her termination, that she filed a motion for leave to file an amended discrimination charge to add new claims relating to her termination. The amended complaint sought to add claims of discrimination predicated upon race and color. She also sought to add a claim for retaliation. On August 26, 1999, the MCAD rejected plaintiffs amended discrimination charges on the ground of untimeliness. Because the MCAD refused to allow Francisque to amend her charge of discrimination, she removed the claims to this court. On or about November 16, 1999 the plaintiff filed this present action.

DISCUSSION

The defendants seek to dismiss Count II of the plaintiffs complaint, because it fails to state a claim upon which relief may be granted. When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations in the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville, 378 Mass. at 89. See also C.M. v. P.R., 420 Mass. 220, 231 (1995). All inferences should be drawn in the plaintiff s favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
As a general rule, a court considers only the pleadings in rendering a decision on a Rule 12(b)(6) motion to dismiss. However, a document is not outside a complaint “when ... a complainant’s factual allegations are expressly linked — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).” Edwin v. Blenwood Associates, Inc., 9 F.Supp.2d 70, 72 (D.Mass. 1998) quoting Beddel v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Here, the MCAD complaint or charge is specifically referred to in the complaint and its content determines the scope of the complaint. Accordingly, this motion is not converted into a motion for summary judgment upon consideration of the MCAD charge.
Ordinarily, a complaint of unlawful discrimination must be filed with the MCAD within six months of the alleged act of discrimination. G.L.c. 15IB, §5. This requirement has a dual purpose. Namely, (1) it is meant to provide the agency with an opportunity to investigate and conciliate the claim of discrimination; and (2) the filing requirement provides notice to the defendant of a potential suit. Carter v. Comm’r of Correction, 43 Mass.App.Ct. 212, 217 (1997). Resort to judicial process is not available to a party claiming discrimination unless that party has first lodged a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event. Tarandico v. Aetna Life & Cas. Co., 41 Mass.App.Ct. 443, 444 (1996). Failure to file a timely complaint with the MCAD against a defendant prior to filing suit operates to bar a claim of discrimination against the defendant pursuant to G.L.c. 151B. Powers v. H.B. Smith Company, 42 Mass.App.Ct. 657, 667, rev, den. 425 Mass. 1105, 1105 (1997). A plaintiffs failure to satisfy the procedural requirements of G.L.c. 15 IB necessitates the dismissal of the complaint for discrimination. Charland v. Muzi Motors, Inc., 471 Mass. 580, 586 (1994).
However, the six-month limitation will not be applied where “the unlawful conduct complained of is of a continuing nature.” 804 CodeMass.Regs. §1.10(2) *653 (1999). Where there is a determination of a continuing violation, a complaint is considered timely filed even though the discriminatory action commenced more than six months prior to the challenge. See Rock v. Massachusetts Comm’n Against Discrimination, 384 Mass. 198, 207-08 (1981). The purpose of this “continuing violation” rule is to permit the commission to “remedy ongoing discriminatory policies by an employer.” Id. at 207.
In this case, the plaintiff argues, inter alia, that the defendants’ motion should be denied on the basis of the continuing violation theory. This theory, however, does not apply because there was no single act of discrimination that occurred in the six months prior to Francisque’s motion to amend her charge. Here, no acts occurred within the six months preceding the plaintiffs motion to amend filed on May 20, 1999. The final act, termination, took place on November 20, 1998. Plaintiff does not survive a motion to dismiss on this basis.
I. MFS’ motion to dismiss Francisque’s claims for retaliatory discharge.
MFS argues that Francisque’s claim for retaliatory discharge (Counts II and III) should be dismissed as it is time-barred. Although there is no Massachusetts appellate decision exactly on point, the Massachusetts Appeals Court has intimated, however, that it would follow contrary Federal Authority standing for the proposition that “it [is] unnecessary for a plaintiff to exhaust administrative remedies before [he or] she can bring to court a retaliation claim not previously made known to the administrative agency, but arising out of a charge filed earlier with that agency.” Carter, 43 Mass.App.Ct. at 218 quoting Smith v. Mitre Corp., 949 F.Sup. 943, 948 (D.Mass. 1997) (employee would not be required to exhaust administrative remedies before bringing a retaliation claim, not previously made known to MCAD, but arising out of a charge filed earlier with that agency). Because this case was decided on other grounds, however, the court did not make a specific finding that such federal decisions control.
The majority of federal circuits have concluded that a charge that an employer has committed acts of retaliation, as a result of an employee having filed a complaint of discrimination with an administrative agency, does not have to be the subject of a separate administrative claim before the agency in order to be brought into court. Borase v. M/A-Com, Inc., 906 F.Supp. 65, 67 (1995). Indeed, many circuits have “held flatly that ‘an act committed by an employer in retaliation for the filing of an [administrative] complaint is reasonably related to that complaint, obviating the need for a second [administrative] complaint.’ ” See id. (and cases cited therein) quoting from Ingels v. Thikol Corp., 42 F.3d 616, 625 (10th Cir. 1994) quoting in turn from Brown v. Hartshorne Pub. Sch. Dist. No. 1, 864 F.2d 680, 682 (10th Cir. 1988).
This Court, like the Carter Court, finds that the federal decisions, including Smith, are “persuasive.” See Gupta v. East Texas State Univ., 654 F.2d 411 (5 Cir., 1981) (unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before it); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 864 F.2d 680, 682 (10th Cir. 1988) (need not file second complaint administrative complaint for retaliation prior to bringing court action). Accordingly, the defendants’ motion to dismiss the plaintiffs claims for retaliatory discharge is denied.
“When a plaintiff brings a civil action for retaliation — like the one here — in addition to her discrimination claim originally presented to the MCAD, it means perforce that the MCAD has not resolved the original claim; and that, moreover, the plaintiff now claims that the defendant has taken further wrongful actions in specific response to the original administrative complaint. To refuse to allow the prosecution of a retaliation claim in this context would be merely to exaltform over substance.” Smith, 949 F.Supp. at 948.
Moreover, requiring a claimant to bring a separate administrative filing for retaliation claims, even though such a claim stems from the earlier filed charge, would result in increased cost, and delay in final resolution of the original claim or a waste of judicial resources. As the Smith court correctly noted, requiring a separate administrative filing for retaliation claims would “likely delay final resolution of the original claim, as the plaintiff waits as each part of her claim clears the administrative hurdle, so that she can then bring one comprehensive lawsuit. If a plaintiff does not wait, and brings each claim as a separate suit, the result is a needless waste of judicial resources, because in each separate suit, the same original set of facts would have to be considered.” Id. at 948. Thus, by allowing Francisque to maintain her claims for retaliation, this court ensures judicial economy and convenience.
The defendant distinguishes this line of cases because, unlike the federal cases, the administrative agency, here, has deemed the plaintiffs charge of retaliation untimely. In other words, a claimant who does not seek an amendment may include a claim for retaliation in his or her complaint; whereas, a claimant who unsuccessfully attempts to amend an MCAD charge prior to bringing a complaint may not. Adopting this reasoning, would encourage claimants to sidestep the administrative agency. This court rejects such a position.
For the reasons stated, this court follows the approach of the majority of federal circuits and finds it unnecessary for a plaintiff to exhaust administrative remedies before a claimant can bring a retaliation claim to court, not previously made known to the *654 administrative agency, but arising out of an earlier filed charge.[1]
II. MFS’ partial motion to dismiss that portion of Count I alleging discrimination on the basis of race and color.
On November 18, 1998, Francisque filed an MCAD charge solely alleging discrimination predicated upon national origin. She did not file an amendment to add these counts to the MCAD complaint until May 25, 1999, or six months and five days after her termination. The MCAD rejected the proposed amendment as “untimely,” without further explanation. The defendants, here, seek to dismiss the plaintiffs claims for race- or color-based discrimination on the ground that they are beyond the scope of the complaint and were not brought in the timely filed charge.
It is true that the MCAD charge limits the scope of the subsequent complaint filed with this court. The extent of this limitation is not clearly defined in this Commonwealth. This court, however, is under a statutory mandate that G.L.c. 15 IB “be construed liberally for the accomplishment of the purposes thereof.” G.L.c. 15 IB.
Further, where an employee acts pro se, “the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt.” Lattimore v. Polaroid Corp., 99 F.3d 456 (1st Cir. 1996). An employee is not required to set forth all of the facts or theories upon which the claims are based with “literary exactitude.” Id. “An administrative charge is not a blueprint for the litigation to follow . . . [T]he exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow . . . Rather, the critical question is whether the claims come within the scope of the [MCAD] investigation which can reasonably be expected to grow out of the charge of discrimination.” Edwin, 9 F. Sup. at 73, quoting Powers v. Grinnell Corp., 915 F.2d 34, 38-39 (1st Cir. 1990) (emphasis supplied).
The Courts of this Commonwealth may also look for guidance in interpreting state laws to federal interpretations of similar federal laws. Recent federal cases have confined 15 IB claims in civil actions to the content of the charge filed with the MCAD and any claims reasonably within the scope of the MCAD investigation based on the claim. See Lattimore v. Polaroid Corp., 99 F.3d 456, 464-65; Edwin v. Blenwood Assocs., Inc., 9 F.Sup.2d 70, 73 (1998).
The “scope of the charge” analysis looks to the potential investigation that the administrative agency could have conducted “based on the charge and not the actual investigation.” Edwin, 9 F.Supp. at 74. Where a factual statement in the plaintiffs charge to the MCAD should have alerted the agency to an alternative basis of discrimination, the plaintiff will be allowed to allege this claim in his or her complaint regardless of whether it was actually investigated. Therefore, the scope of a civil action is not determined by the specific language of the MCAD charge, but rather, it may encompass acts of discrimination which the investigation could reasonably uncover under the facts and circumstances. See Conroy v. Boston Edison, 758 F.Sup. 54, 58 (D.Mass. 1991). An amendment is proper when the new discrimination claim “grow[s] out of the same subject matter as the initial charge where the protected categories are related, as is the case for example with race and national origin." Id.[2]
Here, Francisque alleges that she was discriminated against because of race or color and she bases the allegation on the same underlying facts of her national origin claim. Given the federal authority, the liberal construction this court affords to pro se filings and the purpose of Chapter 15 IB, MFS’ motion to dismiss is denied as Francisque’s color or race claim can reasonably be expected to come within the scope of the MCAD investigation of her charge.[3] In this case, the protected categories of race and national origin are related; and thus, the factual allegation in the plaintiffs charge of national origin, along with circumstances of this case, should have alerted the MCAD to an alternative claim of race-based discrimination.
Moreover, the Massachusetts Superior Court has held that claims not alleged in the charge, but arising from the same underlying predicate facts, should not be dismissed on the basis that it was not filed with the MCAD within the required six months from the time the discrimination occurred. Burke v. Raytheon, Civil No. 923328 (Super.Ct. Nov. 30, 1993) [1 Mass. L. Rptr. 364]. In that case, the court (Butler, J.) held that, under the “scope of the charge” analysis, the inclusion of an age discrimination claim, not explicitly stated in the MCAD charge, related back to the original charge alleging termination on the basis of handicap.
Similarly, Francisque’s race-based discrimination claim can be expected to have been within the scope of the MCAD investigation of her charge alleging discrimination on the basis of national origin. Accordingly, this court DENIES MFS’ partial motion to dismiss Count I of the complaint.

ORDER

For the reasons stated above, the defendants’ partial motion to dismiss is DENIED.

 Other federal decisions have held that a retaliation claim may be brought on the basis of “ancillary” jurisdiction. However, given this holding, the court need not reach the question of whether it would be appropriate.

 Amendments will relate back to the original filing where the predicate facts underlying each claim, such as here, are the same." Id.

 This is especially true in light of the fact that the notice of disciplinary action filed with the complaint reveals plaintiffs allegations of discrimination based upon race and origin.