Coven, J.
This is an action to recover for the defendant’s alleged breach of contract, conversion and G.L.c. 93A unfair and deceptive acts in its sale of a life insurance policy to plaintiff Judith B. Grande (“Grande”). Grande claimed that the defendant’s salesman represented that the policy was an annuity. Summary judgment was entered for the defendant, and Grande has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The record indicates that on July 1, 1994, Grande met with one of defendant PFL Life Insurance Company’s (“PFL”) agents at her home and purchased a policy. Grande alleges that she contracted to buy, and the agent described, an annuity toward which she was to make monthly contributions of $500.00 until whatever time she decided to retire, that PFL would invest whatever contributions she had decided to make, and that she would begin to receive periodic distributions when she reached age sixty-five. At her deposition, Grande could not provide any information about interest rates, tax benefits, investment choices, precise maturity dates, pay-out sums or any other essential terms of the alleged annuity.[1] Grande also signed on July 1,1994 a number of documents which included a Disclosure of Benefits form, an Application for Life Insurance, and an Authorization to Obtain and Disclose medical information. None of the documents she signed contained a single reference to an annuity. All of the documents she signed pertained to life insurance.
On July 6,1994, PFL issued life insurance policy no. 7-242005506 to Grande. She claimed that she never received the policy or a copy thereof.
Approximately one year later, on August 22, 1995, Grande sent a letter to PFL informing it that she was discontinuing her monthly payments of $500.00 because she intended to retire on October 5,1995. PFL responded that her letter constituted a cancellation of her policy, and that her insurance protection would terminate on September 6,1995, without any further liability. Grande immediately asked PFL not to cancel the policy until she “straightened things out.” She conceded that, after reading the documents she had signed in 1994, it was clear that she had purchased a life insurance policy and not an annuity. Grande continued, however, to make *262 monthly $500.00 payments for another year, through September, 1996.
Grande filed this action on February 25,1997 to recover damages in the amount of the total monthly payments she had made, plus reasonable attorney’s fees. PFL filed an answer denying the complaint allegations, and a counterclaim in quantum meruit for the value of the life insurance coverage Grande had enjoyed for two years.
In March, 1999, PFL filed a motion for judgment on the pleadings on the grounds, inter alia, that Grande’s claims were time-barred by the G.L.c. 175, §181 two year statute of limitations. After hearing, the court elected to treat the motion as one for summary judgment under Mass. R. Civ. P., Rule 56, and notified the parties of their right to submit any additional materials. Mass. R. Civ. P., Rule 12(c). See generally Bell v. Zoning Board of Appeals of Gloucester, 429 Mass. 551, 555 (1999). On September 3, 1999, the court allowed PFL’s summary judgment motion, and dismissed all of Grande’s claims as well as PFL’s counterclaim. In his memorandum of decision, the motion judge noted that Grande, “a sophisticated, educated MBA graduate with extensive business experience,” had sought to avoid the G.L.c. 175, §181 limitations bar by characterizing her misrepresentation claim as one for breach of contract, and that the evidence she advanced was insufficient to raise a material issue warranting a trial on any claim.
1. The record before us was an appropriate one for the entry of summary judgment on statute of limitations grounds on Grande’s claims for breach of contract and conversion. Fidler v. E.M. Parker Co., 394 Mass. 534, 546 (1985); Malapanis v. Shirazi, 21 Mass. App. Ct. 378, 383 (1986). PFL satisfied its initial Rule 56 burden of establishing, on the basis of undisputed facts, that Grande’s claims were barred by the two year statute of limitations set forth in G.L.c. 175, §181. The statute provides, in pertinent part:
No company, no officer or agent thereof and no insurance broker or insurance adviser shall make, issue, circulate or use, or cause or permit to be made, issued, circulated or used, any written or oral statement misrepresenting the terms of any policy of insurance or any annuity or pure endowment contract issued or to be issued by any company. ... The insured under any policy of life or endowment insurance or the holder of any annuity ... who was induced to procure it by an action in violation of this section by an officer or agent of the company issuing or executing it may recover from such company all premiums paid on such policy or contract... in an action brought within two years after the date of the issue thereof.
Although Grande’s first claim is for breach of contract, it is the “gravamen of [her] complaint” which dictates the applicable statute of limitations. Pagliuca v. Boston, 35 Mass. App. Ct. 820, 823 (1994). Grande admitted in her deposition, and her attorney’s G.L.c. 93A demand letter further indicated, that her claim against PFL arose solely out of the alleged misrepresentations by PFL’s agent who supposedly advised her of the terms of an annuity in selling her a life insurance policy.[2] Grande could not “escape the consequences” of the G.L.c. 175, §181 shorter statute of limitations for PFL’s alleged misrepresentations “merely by labeling [her] claim as contractual.” Fall River Hous. Auth. v. H.V. Collins Co., 414 Mass. 10, 15 n.6 (1992). See also Hendrickson v. Sears, 365 Mass. 83, 85 (1974). Therefore, pursuant to §181, Grande’s cause of action accrued on July 6, 1994. Given the applicable two year limitations period, Grande’s February 25,1997 complaint was filed too late.
Once PFL satisfied its burden of proving that Grande’s “contract” claim was filed after the expiration of the statute of limitations, the Rule 56 burden shifted to Grande to set forth specific facts which would “take her claim outside the statute.” McGuinness *263 v. Cotter, 412 Mass. 617, 620 (1992). Grande asserted only that she did not receive a copy of the insurance policy issued by PFL and was thus prevented from discovering that she had purchased life insurance rather than an annuity. Under the “discovery rule,” an action which is based on an “inherently unknowable” wrong does not accrue for statute of limitations purposes “until the injured party knows or in the exercise of reasonable diligence should know the factual basis for the cause of action.” Puritan Medical Center, Inc. v. Cashman, 413 Mass. 167, 175 (1992); Frank Cooke, Inc. v. Hurwitz, 10 Mass. App. Ct. 99, 106 (1980). However, the limitations period is not tolled unless the basis of the plaintiffs claim was “inherently unknowable” or incapable of being discovered through the exercise of ordinary diligence. Melrose Hous. Auth. v. New Hampshire Ins. Co., 24 Mass. App. Ct. 207, 212 (1987).
As a matter of law, the nature of the insurance contract Grande purchased and thus PFL’s misrepresentations concerning the same were not “inherently unknowable.” See Kent v. Dupree, 13 Mass. App. Ct. 44, 47 (1982) (misrepresentation not “inherently unknowable” when it was apparent on the basis of express terms of written document given to plaintiffs attorney). The Disclosure of Benefits and Application forms Grande completed with PFL’s agent on July 1,1994 were clearly labeled “Life Insurance.” Grande had access to these forms before the life insurance policy was ever issued, but neglected to read them. She conceded that when she later reviewed the forms, it was clear that she had contracted for life insurance rather than an annuity. The basis of Grande’s “contract” claim could have been discovered, therefore, through the exercise of reasonable diligence as early as July 1,1994. Thus the statute of limitations was not tolled, Grande’s cause of action accrued on July 6, 1994 when the policy was issued pursuant to G.L.C. 175, §181, and the two year period for commencing suit expired prior to the filing of her complaint.
2. Grande contends that she is entitled to at least a trial on the merits on her claim for conversion because that claim is governed by the longer three year statute of limitations set forth in G.L.c. 260, §2A. See Patsos v. First Albany Corp., 48 Mass. App. Ct. 266, 270 n.6 (1999). Section 19 of G.L.c. 260 expressly provides, however, that “ [i]f a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply.” See generally Maltz v. Smith Barney, Inc., 427 Mass. 560, 563 (1998). The two year limitations period of G.L.c. 175, §181 is a “special provision” which governs this action for tbe reasons outlined above, and thus the three year conversion statute of limitations does not apply. Grande’s conversion claim alleges that PFL misappropriated her $13,550.00 in contributions to what she believed was an annuity, and converted the money to premiums for a life insurance policy. Once again, tbe gravamen of Grande’s claim is the alleged misrepresentation by PFL’s agent that the insurance product she purchased was an annuity. The conversion claim is thus barred by G.L.c. 175, §181.
Even if the claim had been timely filed, Grande failed to advance evidence of the elements of conversion sufficient to permit a trial of her claim. The tort of conversion requires a wrongful exercise of dominion or control over the personal property of another by one who has no right of possession at the time. Third Nat’l Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244 (1983); Abington Nat’l Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507 (1985). ‘The action cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed tbe property.” Spooner v. Manchester, 133 Mass. 270, 273 (1882). The record herein is devoid of any facts suggesting that PFL exercised any wrongful control over the monthly payments voluntarily made by Grande, or took any action with respect to such payments other than providing ber with the life insurance coverage which the documents establish that she purchased. Further, upon receiving Grande’s notice that she was discontinu *264 ing monthly payments, PFL promptly advised her that the life insurance policy would be canceled without any additional liability, per her request Given the absence of any specific facts demonstrating Grande’s ability to establish a threshold case of conversion, therefore, PFL would have been entitled to summary judgment on this complaint count even if G.L.c. 175, §181 were inapplicable.
3. Grande’s G.L.c. 93A claim is based on PFL’s alleged violations of G.L.c. 176D, §3 (1) (a) (misrepresentation of insurance policy terms) and PFL’s undisputed violation of the disclosure requirements of 211 CMR 31.05 (failure to provide life insurance Buyer’s Guide and Policy Summary). Grande has, however, advanced no authority for the proposition that violations of G.Lc. 176D, §3 (1) or 211 CMR 31.05 may per se form the basis of an action pursuant to G.Lc. 93A. There is nothing in the Insurance Solicitation Regulations in question which references G.L.c. 93A, or which makes a violation of its provisions an unfair and deceptive act. Chapter 176D creates no private right of action for any violation of its provisions. See Ryan v. Fallon Community Health Plan, Inc., 921 F. Supp. 34, 38 (D. Mass. 1996); Pariseau v. Albany Intern. Corp., 822 F. Supp. 843, 845 (D. Mass. 1993). Sections 6 and 7 afford the Commissioner of Insurance the exclusive authority to enforce G.L.c. 176D requirements.
Further, following the decision in Dodd v. Commercial Union Ins. Co., 373 Mass. 72 (1977), which held that “c. 176D does not bar application of c. 93A to unfair or deceptive insurance acts or practices,” Id. at 78, the Legislature amended G.Lc. 93A, §9 to make violations of G.L.c. 176D, §3(9) actionable under G.L.c. 93A. See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983). The Legislature specified §3(9) of G.L.c. 176D, and did not include violations of §3(1) or any other section of that statute. Ordinaiy canons of construction dictate that a court will not “read into [a] statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or set purpose.” General Elec. Co. v. Department of Environmental Protec., 429 Mass. 798, 803 (1999), quoting from King v. Viscoloid Co., 219 Mass. 420, 425 (1914). See also Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 839 n.3 (1986); Mitchell v. Mitchell, 312 Mass. 154, 161 (1942). We conclude, therefore, that there is no individual cause of action for an insurer’s violations of G.L.c. 176D, §3(1) or 211 CMR 31.05 under G.L.c. 93A.
As violations of the insurance statutes and regulations in question amount to misrepresentations by an insurer, they may instead form the basis for a G.L.c. 175, §181 action. Section 3(1) (a) of G.L.c. 176D makes it an unfair or deceptive act for an insurer to “misrepresent the benefits, advantages, conditions or terms of any insurance policy.” This statutory language tracks the specific terms of G.L.c. 175, §181, which is expressly applicable to actions based on “any written or oral statement misrepresenting the terms of any policy of insurance or any annuity.” PFL’s violation of 211 CMR 31.05(1) (a) in failing to provide Grande with the life insurance Buyer’s Guide and Policy Summaries mandated by the regulation also amounted to misrepresentation. Pursuant to 211 CMR 31.07, the “ [f] ailure of an insurer to provide or deliver a Buyer’s Guide or a Policy Summary as provided in §5 shall constitute an omission which misrepresents the benefits, advantages, conditions or terms of an insurance policy [emphasis supplied].”[3] Again, however, a G.L.c. 175, §181 action must be brought within two years of the date of the issuance of the insurance policy. Grande’s claims are time-barred.
*265 The trial court’s entry of summary judgment for defendant PFL Life Insurance Company is affirmed. Appeal dismissed.
So ordered.

 Her lack of information did not result from an unfamiliarity with insurance products or investment terms. It was undisputed that Grande has a Masters in Business Administration; was self-employed as a marketing consultant with annual earnings of $125,000.00; owned, with her husband, real estate, stocks and mutual funds valued at close to a million dollars; had invested in several real estate limited partnerships; and had a Keogh plan, an IRA, other life insurance policies and an annuity.

 Grande’s attorney’s letter accused PFL of “misrepresentations, half truths and outright lies.”

 Compare 211 CMR 34.08(3) which expressly renders the failure to comply with regulatory requirements for the replacement of life insurance or an annuity “an unfair method of competition and unfair or deceptive acts or practices in the business of insurance.” Based on the specific terms of §34.08(3), it has been held that non-compliance with §34.00 et seq. constitutes a per se violation of G.L.c. 93A which may be the basis for a private cause of action by a consumer pursuant to that statute. Mayer v. Cohen-Miles Ins. Agency, Inc., 48 Mass. App. Ct. 435, 439 (2000).