Merrick, P.J.
This is a Dist/Mun. Cts. R A D. A, Rule 8A appeal by the plaintiff of the allowance of a Mass. R Civ. R, Rule 12(b)(6), motion to dismiss this action.
The complaint indicates that in the 1970s, an agent of defendant Metropolitan Insurance Company (“Metropolitan”) sold the plaintiff three “whole life” insurance policies, each in the amount of $6,000.00. In May of 1985, as a result of conversations with another Metropolitan agent, the plaintiff surrendered those policies and purchased a $75,000.00 “Flexible Premium” life insurance policy. The plaintiff seeks recovery in this action for Metropolitan’s alleged fraud, misrepresentations and unfair and deceptive acts in violation of G.L.c. 93A and G.L.c. 176D in connection with the latter policy.
The “Flexible Premium” policy, by its terms, was to remain in effect until the plaintiff-insured’s 95th birthday. The policy provides that the premium paid, less administrative costs and the cost of term life insurance, shall be applied monthly to an “Accumulation Fund.” The administrative costs are specified as 9% percent of the premium. The cost of the term life insurance will be set each year, but the rates may not exceed those set out on page 4 of the policy in a chart titled: “Table of Guaranteed Maximum Rates for Each $1,000.00 of Term Insurance.” The annual “Planned Premium” for the policy is originally set at $1,618.00, but the policy prominently specifies that “THE PLANNED PREMIUM SHOWN BELOW MAY NEED TO BE INCREASED TO KEEP THIS POLICY AND COVERAGE IN FORCE.” The policy gives the insured the option to reduce or even skip planned premium payments as long as a sufficient sum remains in the Accumulation Fund to be drawn to pay the premium to keep the policy in force.
The policy provides that Metropolitan shall pay interest on the Accumulation Fund and add it thereto. It further provides for a guaranteed minimum interest rate of .32737% per month (about 3.9% per year) to be paid on the Accumulation Fund. That interest is to be paid on the first $1,000.00 in the Accumulation Fund. According to the policy, a higher rate may be set by Metropolitan to be paid on the remainder of the Accumulation fund, but that rate may not be less than the guaranteed rate.
Under the policy terms, the insured may borrow money up to the amount of the cash value of the policy. The value of the policy and the death benefit are reduced by tiie amount of any loan and interest thereon unless they are repaid. In 1987, *50 according to the complaint, an agent told the plaintiff that he could “borrow” money from the policy for his daughter’s education. He borrowed $6,000.00, and shortly thereafter received a notice that his death benefit had been reduced by $6,000.00.
As noted above, the policy allows the insured to reduce the premium to a lesser amount, with the difference between the planned premium and the lesser amount to be deducted from the Accumulation Fund. In 1985, the insured elected to have the premium set at $1,200.00 per annum with the result that the additional monies necessary to make up the planned premium were deducted annually from the Accumulation Fund. As indicated in the rate chart on page 4 of the policy, the cost of the term insurance had increased annually as the plaintiff aged. Metropolitan sent the plaintiff annual statements as to the cost of the term insurance and the status of the Accumulation Fund.[1] In a letter dated July 26, 1998, the plaintiff concedes he was “remiss” in not checking the statements sent to him. When he finally reviewed his statement in June, 1998, he was distressed to discover that his Accumulation Fund consisted of only $1,568.50. The plaintiff also alleges that Metropolitan stated he would forfeit his policy unless he made a payment of $20,000.00.[2] Because he could not make that payment, the plaintiff then canceled his policy and requested disbursement of the $1,586.50. He received a lesser amount, apparently reflecting deductions for administration and/or cost of insurance.
In his complaint, the plaintiff alleges that Metropolitan’s agent, at the time the “Flexible Premium” policy was sold, misrepresented to him that the policy was a “whole life” policy and that the premium, reduced from $1,618.00, would remain level at $1,200.00 for the life of the policy. The complaint also asserts that the agent failed to tell the plaintiff that the cost of the term insurance portion of the premium would increase over time and that the Accumulation Fund would be reduced by administrative costs or increases in the cost of insurance not paid in additional premium payments by the insured. The complaint recites that but for these misrepresentations and silences, the plaintiff would not have surrendered his three whole life policies, nor purchased the “Flexible Premium” policy.
This action was commenced on May 18,2000.
The trial court allowed Metropolitan’s motion to dismiss on the ground of the statute of limitations, G.L.c. 175, §181, and the plaintiff appealed.
1. Metropolitan’s motion to dismiss wás based on the argument that the plaintiffs claims were barred by the two year statute of limitations set forth in G.L.c. 175, §181. The statute provides, in pertinent part
No company, no officer or agent thereof and no insurance broker or insurance adviser shall make, issue, circulate or use, or cause or permit to be made, issued, circulated or used, any written or oral statement misrepresenting the terms of any policy of insurance or any annuity or pure endowment insurance issued or to be issued by any company. ... The insured under any policy of life or endowment insurance or the holder of any annuity... who was induced to procure it by an action in violation of this section by an officer or agent of the company issuing or executing it may recover from such company all premiums paid on such policy or *51 contract... in an action brought within two years after the date of the issue thereof.
It is the gravamen of the complaint as one for such misrepresentations that governs the applicability of this statute of limitations, not the designation of the claim as one under G.L.c. 93A and c. 176D, §3(1) (a). Grande v. PFL Life Ins. Co., 2000 Mass. App. Div. 261, 262. We note that in Grande, the two year limitations period of §181 was enforced even though the plaintiff in that case claimed that the insurance policy at issue had not been provided to her. In this case, the policy containing the provisions recited above was provided to the plaintiff, an assistant clerk-magistrate of the District Court at the time it was issued. It is not argued that the policy is not in compliance with G.L.c. 175, §2B. See Commerce Ins. Co. v. Koch, 25 Mass. App. Ct. 383 n. 2 (1988) (insurance policies to be written in easily understandable form). There is no support whatsoever for the plaintiffs argument that the statute should run from the time the plaintiff “discovered” the actual policy language.
The dismissal of the complaint on statute of limitations grounds is affirmed with respect to the allegations of misrepresentations in the sale of the insurance policy.
2. A further allegation of the plaintiffs complaint is that, at the time he borrowed $6,000.00 in 1987, Metropolitan’s agent Med to tell him that the amount of the loan would reduce the amount of his death benefit without any reduction in premium. The plaintiff may not claim an injury here because, in actuality, the death benefit is not reduced; rather, a portion of it has been advanced. The use of even this bit of logic was not, however, required of the plaintiff. As we noted above, the policy specifically provides that both the value of the policy and the death benefit are reduced by the amount of the loan and any interest A party who receives a policy is bound by its terms. Mundy v. Lumberman’s Mut. Cas. Co., 783 F.2d 21, 22 (1st Cir. 1986) (applying Massachusetts law).
Therefore, the complaint was properly dismissed as to the allegations concerning the reduction of the death benefit by the amount of the loan.
3. Only one allegation in the complaint gives us pause. As we have noted, the complaint alleges that the plaintiff had to cancel his policy because Metropolitan stated in June, 1998 that he would forfeit the policy unless he made a payment of $20,000.00. However unlikely it seems, we must accept that allegation as true for purposes of this Rule 12(b) (6) review. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000); Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). There is nothing in the policy to support such a demand by Metropolitan. Neither counsel could shed any light upon the assertion at oral argument On the present record, the issue cannot be resolved by motion. It may be that the issue could be clarified by affidavit, but, as Metropolitan itself has argued here, “[a] party is entitled to notice that a court intends to treat a Ride 12(b) (6) motion as a motion for summary judgment and to an opportunity to present further material and be heard.” Gomes v. Metropolitan Prop. & Cas. Ins. Co., 45 Mass. App. Ct. 27, 32 (1998).
Accordingly, the order of dismissal is vacated solely as to the allegation that Metropolitan demanded $20,000.00 to keep the plaintiffs policy in effect This case is returned to the trial court for further proceedings.
So ordered.

 Some of the facts recited herein come from correspondence included in the Rule 8A Expedited Appeal, although it is not clear to us that they were presented to the trial judge.

 The documents included in the Expedited Appeal make no reference to this $20,000.00 demand at places where it would be expected to appear in the record. We treat the demand as a fact for purposes of the motion to dismiss under Rule 12 (b) (6) because it is alleged in the complaint C.M. v. P.R., 420 Mass. 220, 221 (1995).